UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY NAVARRO,<br><br>                        Plaintiff,<br><br>v.<br><br>WOLFFY'S PLACE INC. doing business as Knotty Barrel, MITCHELL INVESTMENTS INC., and DOES 1-10, inclusive,<br><br>                        Defendants. | Case No.: 18-CV-1718 JLS (MDD)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)**<br><br>(ECF No. 2) |

      Plaintiff Anthony Navarro filed an action pursuant to the Americans with Disabilities Act ("Compl.," ECF No. 1), and a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), ("IFP Mot.," ECF No. 2).

**IFP Motion**

      All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In support of his IFP Motion, Plaintiff has submitted an affidavit of his financial status pursuant to 28 U.S.C. § 1915(a)(1) and Civil Local Rule 3.2. These statements show that Plaintiff receives $930.00 in monthly disability benefits, is not employed or married, and has no assets. (IFP Mot. 1–3.)[2] Plaintiff represents that he has $905.00 in monthly expenses. Thus it appears that Plaintiff does not have the funds to pay the requisite filing fee. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

### Initial Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2)

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

[2] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

A prima facie claim under 42 U.S.C. § 12182(a) requires a plaintiff to show: (1) he is disabled; (2) the defendant's business is a place of public accommodation; and (3)

plaintiff was denied access because of his disability. *Hernandez v. Polanco Enter., Inc.*, 19 F. Supp. 3d 918, 930 (N.D. Cal. 2013) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)). Here, Plaintiff alleges that he is mobility impaired and uses a wheelchair. (Compl. ¶ 10.) He alleges that Defendants' restaurant is open to the public and is inaccessible to the disabled community because it does not have a table that would fit Plaintiff's wheelchair. (*Id.* ¶ 11.) He further alleges that he visited Defendants' business on December 18, 2017, and it does not have any alternative seating for disabled persons. (*Id.*) Plaintiff has also retained an ADA specialist and attached the specialist's report concerning the business as an exhibit. (*See id.* ¶ 14; Ex. B, ECF No. 1-2.)

The Court finds Plaintiff's complaint sufficient to survive the low threshold for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). However, the Court warns Plaintiff that "the sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## CONCLUSION

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's IFP Motion, (ECF No. 2), pursuant to 28 U.S.C. § 1915(a).

2. **DIRECTS** the Clerk of Court to issue a summons as to Plaintiff's Complaint, (ECF No. 1), upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for the named Defendants. In addition, the Clerk is **DIRECTED** to provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint, (ECF No. 1), and the summons so that he may serve the named Defendants. Upon receipt of this "IFP Package," Plaintiff is **DIRECTED** to complete the Form 285 as completely and accurately as possible, and to return it to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying the IFP package.

3. Upon receipt, the Court **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the named Defendant as directed by Plaintiff on the USM Form 285. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g) (noting that once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

5. Plaintiff **SHALL SERVE** upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk, a certificate stating the manner in which a true and correct copy of the document was served on the Defendants, or counsel for Defendants, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

**IT IS SO ORDERED.**

Dated: August 7, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge